UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RAYMOND BRADLEY NOTTINGHAM, JR., #1045517
    Petitioner,

v.                                                    ACTION NO. 2:10cv373

HAROLD W. CLARKE,[1]
    Director of the Virginia
    Department of Corrections

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

**A. Background**

Petitioner Raymond Bradley Nottingham, Jr. ("Petitioner" or "Nottingham") is detained pursuant to a conviction entered in the Circuit Court for the City of Norfolk on August 13, 2008. Petitioner was sentenced to one year and four months incarceration. The Circuit Court accepted

---

[1] Inasmuch as the petition designates an extraneous party respondent, it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Harold W. Clarke, Director of the Virginia Department of Corrections. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

his guilty plea on April 30, 2008 for possession of heroin. It is this conviction and sentence that Petitioner is challenging in the present action.

Petitioner filed a direct appeal to the Virginia Court of Appeals, which was refused on February 27, 2009. Petitioner then appealed his conviction to the Supreme Court of Virginia. The supreme court refused Petitioner's appeal on September 18, 2009. Nottingham then filed a petition to the Supreme Court of Virginia on February 11, 2010,[2] requesting a writ of habeas corpus issue. The Virginia Supreme Court dismissed Nottingham's petition on July 13, 2010,[3] finding some of Petitioner's claims were barred under Slayton v. Parrigan, 215 Va. 27 (1974), and denying the remaining claims on the merits.

Petitioner conditionally filed a petition for writ of habeas corpus in this Court on July 30, 2010. ECF No. 1. The petition, filed pursuant to 28 U.S.C. § 2254 (2006), was perfected on November 5, 2010. ECF No. 10. Respondent filed a Rule 5 Answer and Motion to Dismiss on December 6, 2010. ECF Nos. 13 & 14. After receiving an extension to file a response to this motion, Petitioner filed his Opposition to the Motion to Dismiss on February 1, 2011. ECF No. 21. To the extent that Petitioner requested an evidentiary hearing in his petition, the Court DENIES the request, as purely legal issues are presented and the Court may adequately resolve the issues as presented in the briefs. See Rule 8 of the Rules Governing Section 2254 Cases. To the extent that Petitioner is requesting the Court to order the production of an "addendum" to his presentence report, and is requesting the Court to order a deposition or declaration from various parties, the Court DENIES these requests. Pet. at 15, ECF No. 10. The Petitioner has not presented facts to demonstrate that that there is an addendum to his presentence report; a fact explicitly denied by Sherri Carr, the Norfolk Public Defender. Ex. 1, Aff. of Pet., ECF No. 11-1.

---

[2] Respondent incorrectly states that Nottingham's state habeas petition was filed on March 30, 2009. The petition was executed on January 7, 2010 and filed on February 11, 2010.
[3] Respondent incorrectly cites this date as September 18, 2009.

2

Additionally, Petitioner has not demonstrated the necessity of either a deposition or a declaration to the Court. Accordingly, this matter is ripe for review.

### B. Grounds Alleged

Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) Petitioner's counsel was ineffective in allowing the court to sentence the Petitioner in violation of Rule 3A:8(c);

(2) The court violated Rules 11 and 32 of the Rules of Criminal Procedure;

(3) The conviction was imposed based on an unverified prior conviction; and

(4) The court improperly imposed an additional three years of supervision.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

### A. Exhaustion and Procedural Default

In order for the Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. <u>See</u> 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." <u>Pruett v. Thompson</u>, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), <u>aff'd</u>, 996 F.2d 1560 (4th Cir. 1993). As <u>Pruett</u> explains, "[t]his [exhaustion] requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing." <u>Id.</u> "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994) (quoting <u>Martens v. Shannon</u>, 836 F.2d 715, 717 (1st Cir. 1988)).

Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). All of the claims presented in this petition have been exhausted either because they have been raised once to the Virginia Supreme Court, or because they could no longer be raised.

Similar to exhaustion, a federal habeas claim can be procedurally defaulted. The procedural default doctrine provides that a claim will be deemed exhausted if state courts have not had the opportunity to review a claim and would now refuse to review the claim under an adequate and independent state procedural rule. See Teague v. Lane, 489 U.S. 288, 298 (1989); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). Where the state would bar review of a claim not already presented to the state court, the claim is simultaneously exhausted and defaulted. The federal court is not able to review a procedurally defaulted claim. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998).

Petitioner's claims (2), (3), and (4) are procedurally defaulted and may not be reviewed by this Court. Petitioner states in his habeas petition that he failed to raise claims (2), (3), and (4) either during the sentencing phase of his trial or on direct appeal. Under Virginia law, where a petitioner fails to object during trial, or raise an issue on direct appeal, they may not raise the issue in state habeas. Slayton v. Parrigan, 215 Va. 27, 30 (1974) (default arises when Petitioner failed to raise claims during trial or on direct appeal). Petitioner may not "use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment conviction." Id. Because Petitioner failed to raise claims (2), (3), and (4) on direct appeal, the Virginia state courts would now refuse to hear these claims under its independent state rule. Under Teague v. Lane, this Court cannot consider claims that Petitioner

4

has failed to raise on direct appeal, and thus they will be deemed procedurally defaulted. 489 U.S. at 298.

**B. Standard of Review**

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2010).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citing H.R. CONF. REP. NO. 104-518, at 111 (1996)). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389. Additionally, a rejection of a claim by the Supreme Court of Virginia is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir. 2000). As such, this Court may assess, under the same deferential standards of 28 U.S.C. § 2254, the rationale of the lower state court opinion upon which the Supreme Court of Virginia relied in rejecting petitioner's appeal. Id.

## C. Merits

Petitioner's remaining claim is properly exhausted and may be reviewed by this Court through the lens of deference to the Supreme Court of Virginia's decision, and the guidelines provided by Strickland v. Washington, 466 U.S. 668 (1984). Petitioner alleges that his trial counsel was ineffective in violation of the Sixth Amendment of the Constitution for permitting him to plead guilty in violation of Rule 3A:8(c) of the Rules of the Supreme Court of Virginia, governing plea agreement procedure. The crux of Petitioner's allegation is that he was misled during guilty plea negotiations. He states that he believed he would only be sentenced to nine months, and that is what he agreed to, but at sentencing, the Guidelines recommended a low-end sentence of one year and four months based on his criminal history. Petitioner alleges that his attorney was ineffective for not informing him of the larger sentence in violation of the bargain. He claims that if not for his counsel's ineffective assistance, he would not have pled guilty.

To sustain his allegations of ineffective assistance of counsel, Petitioner must meet the burden established by Strickland v. Washington, 466 U.S. 668 (1984). In Strickland v. Washington, the Supreme Court promulgated a standard to determine if a counsel's performance fell below an objective standard of reasonableness, and the defendant suffered actual prejudice as a result. 466 U.S. at 689-94; see also Williams, 529 U.S. at 391. Strickland requires this Court to review the reasonableness of Nottingham's attorney's decisions under a two-prong test: performance and prejudice. Id. Under the performance prong, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Under the prejudice prong, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a "probability

sufficient to undermine confidence in the outcome." Id. Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A court addressing an ineffective assistance of counsel claim need not analyze the performance prong before the prejudice prong, nor must it "address both components of the inquiry . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id. at 697. In order to recommend granting Nottingham relief on his ineffective assistance of counsel claims, this Court must find that the Supreme Court of Virginia's dismissal of his claims was an unreasonable application of Strickland. A petitioner claiming ineffective assistance of counsel in connection to a negotiated plea agreement must "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Premo v. Moore, 131 S. Ct. 733, 743 (2011) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Petitioner's claim (1), ineffective assistance of counsel in violation of Rule 3A:8(c), does not meet the threshold requirements necessary under Strickland and Premo, and therefore, the Court cannot find that the Supreme Court of Virginia's denial of Nottingham's petition was in violation of or contrary to federal law. Petitioner alleges the when the plea agreement was negotiated, both his attorney and the Commonwealth attorney presented a plea agreement wherein the Petitioner would serve only a nine month sentence. Ex. 1, Pet. at 4-6. He alleges that his attorney and the Commonwealth later attempted to change the deal to reflect the guideline range, but this was not the deal to which he agreed. He states that he would have never entered his guilty plea, but for the representation that he would only serve nine months. Id. at 5.

Petitioner's statements are contrary to the facts presented in the state court records. Petitioner signed a Plea Agreement, dated April 30, 2008, that stated in part, "The defendant is to

be sentenced by a judge of this court upon return of a pre-sentence report, however, the active incarceration period of his sentence is not to exceed the low-end of the sentencing guidelines." Plea Agreement at 20, CR07004717-00. Additionally, Petitioner completed an "Advice to Defendants Pleading Guilty" form, on which he states that his plea of guilty is free and voluntary. Advice to Defendants Pleading Guilty at 22, CR07004717-00. The transcript of the proceedings on April 30, 2008 demonstrates that Petitioner was able to understand and clearly answer the court's questions, under oath, during his guilty plea. He stated that he did sign the Advice to Defendants Pleading Guilty form, understood that form and its effect. Tr. 46-47, CR07004717-00. During the colloquy with the court, the Commonwealth advised the judge that a preliminary run of the guidelines demonstrated that the low-end of the guideline range would be nine months. The court made clear, however, that the calculation of nine months was based on the information available at the time, and was subject to further investigation. Tr. 50. Further, the court stated that the active incarceration would be "capped or would not exceed the low end of the sentencing guidelines . . . [and] a presentence report will be prepared." Tr. at 51-52. Petitioner affirmed that he understood the plea agreement, and that he accepted the risk that "the sentencing guidelines when officially done could come back a little higher or a little lower." Tr. at 52. On August 8, 2008, the guidelines calculation, completed after the presentence report, were higher than nine months based on a more severe criminal record then was known at the time of the guilty plea. 8/8/08 Tr. at 59-61. The low end of the guideline range was one year and seven months after taking all offenses into account. Id. Petitioner, however, had acknowledged that the preliminary calculation was subject to change, and the court honored the agreement by departing downward from the official calculation of one year and seven months to one year and four months active incarceration.

Petitioner does not meet his burden to demonstrate a constitutional violation of his Sixth Amendment right to counsel. The state court found that counsel did not perform below the standard of care announced by Strickland; a finding that this Court reviews under a highly deferential standard. See Premo, 131 S. Ct. at 740 (citing Harrington v. Richter, 131 S. Ct. 770 (2011)). The Virginia Supreme Court found that Petitioner's claim "satisfie[d] neither the 'performance' nor the 'prejudice' prong" of Strickland's two-part test. Resp't Ex. 6 at 2, ECF No. 15-6. Because the Petitioner acknowledged that it was possible that the guideline range could be higher, and because the trial court complied with the agreement, the Petitioner "failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty." Id. at 3. After reviewing the record and arguments presented, this Court cannot find that the Virginia Supreme Court's ruling denying Petitioner's writ of habeas corpus was an unreasonable application, or in violation of federal law.

## III. RECOMMENDATION

Based on the foregoing, the Court recommends that Nottingham's petition for writ of habeas corpus be DENIED (ECF No. 1), and Respondent's Motion to Dismiss be GRANTED (ECF No. 14).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of

the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 3, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Raymond Bradley Nottingham, Jr., #1045517
Union Mission Ministries
5100 Virginia Beach Blvd.
Norfolk, Virginia 23502


Eugene Paul Murphy
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk
May 3, 2011